# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

PIERCY STAKELUM; MAIGEN
PARDEE; and JENNIFER FOGARTY,
individually and on behalf of a class of
similarly situated individuals,

        Plaintiffs,

vs.                                    Case No. 6:12-cv-1120-Orl-37TBS

ZOOM TAN, LLC,

        Defendant.

## ORDER

This cause is before the Court on its own Motion. On June 17, 2013, the Court issued an Order to Show Cause why this case should not be dismissed for failure to abide by the Court's Order and for failing to prosecute. (Doc. 39.) The Court also directed the parties to show cause why this case should not be stayed. (*Id.*)

Plaintiffs contend that the claims in this action are different than the claims raised in *Rutherford v. Zoom Tan, Inc.*, No. 2:12-cv-509-FtM-29DNF, and as such, contend that a stay of this action is not appropriate. (Doc. 40.) Defendant reaches a different conclusion, arguing that the *Rutherford* action is duplicative of this action and, even if the Court concludes that it is not, a stay is appropriate in order to avoid inconsistent rulings.

This Court has broad authority to stay proceedings incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). As noted by the Eleventh Circuit, a "variety of circumstances may justify a district court stay pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Comms.*

*Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000). A court may stay an action so long as the stay is not immoderate, which is to say the say must be "so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id.*

After reviewing the records in this action and in the *Rutherford* action, the Court concludes that there is a substantial overlap between the class action claims raised in both cases. While this is the first-filed case, Plaintiffs have not moved for class certification. In contrast, the class certification issue is fully briefed and ready for adjudication in the *Rutherford* case. The outcome of the class certification issue in that action could impact this action. If class certification is granted in that case, the scope and issues arising during class certification in this action will likely change. It would therefore behoove the Court and the parties to wait to address the class certification issue in this action until after the *Rutherford* court decides the issue. A temporary stay of this action is appropriate.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Court's June 17, 2013 Order to Show Cause is **DISCHARGED**. This action is **STAYED** pending adjudication of the class certification in the *Rutherford* action. The parties shall file a joint status report on or before September 30, 2013, and every 60 days thereafter. The parties may move to lift the stay following adjudication of the class certification issue in the *Rutherford* action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 8, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record